*EX PARTE* HENDERSON.

*IN RE* STATE v. EVANS.

Misdemeanors—Witnesses' Fees.—The county is not liable for the fees of defendant's witnesses in misdemeanors.

Before Buchanan, J., Laurens, February, 1897. Affirmed.

Application of George Henderson *et al.*, witnesses for defense in State *v.* Evans *et al.*, convicted of assault and battery of a high and aggravated nature, for certificates against county for their fees. Refused. Applicants appeal.

*Messrs. Johnson & Richey*, for appellants.

*Solicitor T. S. Sease*, contra.

Feb. 19, 1898. The opinion of the Court was delivered by Mr. Justice Jones. Appellants were bound over to attend, and did attend, the Court of General Sessions for Laurens County, July term, 1897, as witnesses for defendants in the case of *The State* v. *Harry Evans*, and others, charged with assault and battery with intent to kill. After the acquittal of defendants, the appellants applied to the Circuit Judge for certificates that they were material witnesses, with a view to draw pay as witnesses. The Circuit Judge, while certifying as to their materiality as witnesses, directed the clerk of the court not to issue pay certificates to appellants, for the reason that defendants were tried for a misdemeanor, and that the county is not liable for costs and fees of defendant's witnesses in a case of misdemeanor. The only question presented here is whether the county of

Laurens is liable for the costs and fees of defendant's witnesses in a case of misdemeanor. We hold with the Circuit Judge that the county is not liable. The right to such fees depends wholly upon statute. In sec. 622, Gen. Stat., being sec. 676, Rev. Stat., 1893, it is provided, that "each county shall pay * * * (2) witnesses' fees in State cases for actual attendance upon Circuit Courts, as provided by law." But by an act approved February 4, 1896, entitled "An act to amend section 2638 of the General Statutes, being section 45 of the Revised Statutes, Criminal Code, vol. 2, in reference to defendant's witnesses, and regulate their pay," found at page 102 of the acts of 1896, 22 Stat., it is provided, that "in all criminal prosecutions the accused shall have compulsory process for obtaining witnesses in his favor; and in felonies, and no other cases, such witnesses shall receive the same pay as the State's witnesses, upon the certificate of the trial Judge that the testimony of such witnesses was material to the defense; provided, &c." It is manifest from this act that the liability of a county to pay fees of defendant's witnesses is limited to felonies. It is true, that sec. 18, art. I., of the Constitution gives the accused the right to compulsory process for obtaining witnesses in his favor in all criminal prosecutions. But no right of the accused is involved in this case, and the accused's right to compulsory process for his witnesses in all cases does not carry his witnesses the right to claim fees from the county in such cases. The right to such fees must rest upon some express statute, and there is no such statute except in cases of felony.

The judgment of the Circuit Court is affirmed.