## WHITTLE v. SALUDA COUNTY.

Costs—Misdemeanor—Witnesses—Sheriff.—County is not liable to sheriff for subpœna writs served on witnesses for defendant in cases of misdemeanor.   Is county liable for binding over such witnesses? *Crim. Code, sec. 45, criticised.*

Before Benet, J., Saluda, May, 1900.    Reversed.

Claim of M. A. Whittle against Saluda County for fees for serving subpœna writs on defendant's witnesses in misdemeanors.    From Circuit order reversing action of county board of commissioners in disallowing claim, defendant appeals.

*Mr. E. W. Able,* for appellant, cites: 8 Rich. L., 295; 35 S. E. R., 203; Crim. Code, 45; Rev. Stat., 676, 2561.

*Mr. J. B. Hunter,* contra.

March 22, 1901.    The opinion of the Court was delivered by

Mr. Chief Justice McIver.    The plaintiff presented a claim to the county board of commissioners for Saluda County amounting to $12 for his costs as sheriff in serving subpœna writs for witnesses on behalf of the defendants in two cases in which the defendants were charged with misdemeanors.    The board of commissioners disallowed the claim, and the plaintiff appealed to the Circuit Court from this action of the commissioners.    The appeal was heard by his Honor, Judge Benet, who rendered judgment reversing the action of the county commissioners, and ordering judgment against the county of Saluda for the amount of said claim with costs, in favor of the plaintiff as sheriff of said county.

From this judgment defendant appeals upon the grounds set out in the record, which need not be stated here, as they raise the single question, whether the county is liable to pay the costs of the sheriff incurred in serving subpœna writs to

secure the attendance of witnesses on behalf of a defendant who is indicted for a misdemeanor. The grounds upon which the Circuit Judge rested his judgment do not appear in the "Case," and we are not otherwise informed upon what his judgment was based, as we have not been favored with any argument on the part of the respondent. We are, therefore, left in the determination of this question to our own investigation of the law upon the subject, aided by such suggestions as are found in the argument, which has been submitted on behalf of the appellant. Sec. 676 of the Rev. Stat. of 1893 provides that "Each county shall pay * * * fees of sheriffs and clerk of court provided by law." In sec. 2561 of the Rev. Stat., provisions are made prescribing the amounts which the sheriff is entitled to as costs for performing the various services required of him, amongst which is the following: "Serving subpœna writ and mileage on each ticket, fifty cents," but there is no provision either in that section or any other statute which has been brought to our attention, which requires such costs to be paid by the county. On the contrary, in that section in reference to other services, there is a provision that *such* services shall be paid for by the county, if the defendant is not able to pay, viz: "bringing up prisoner under *habeas corpus,* to be paid by prisoner if able (if not by the county), besides mileage and necessary expenses, fifty cents." This shows that the legislature when they intended that any services required of the sheriff should be paid for by the county, they were careful to say so. We infer from what is said in the argument submitted by appellant, that the decision below was sought to be sustained by the provision contained in sec. 18, of art. I., of the present Constitution, in these words: "In all criminal prosecutions the accused shall enjoy the right * * * to have compulsory process for obtaining witnesses in his favor," which it is assumed confers the right upon the accused of having his witnesses bound over to attend and testify; and from this it is further assumed that the county is bound to pay the expense incurred in thus securing the attendance of

witnesses on behalf of a defendant, even in a case of misde-
meanor.    It seems to us that neither of these assumptions
are well founded.    A subpœna writ is "compulsory process,"
for its mandate may be enforced by an attachment for a
contempt, a more summary proceeding than a *scire facias* to
estreat a recognizance, and, therefore, the language of the
Constitution above quoted does not necessarily imply that
the accused shall be entitled to have his witnesses bound over
to attend and testify in his behalf.    But even if it could be
held that the right vested in the accused by the Constitution,
"to have compulsory process for obtaining witnesses in his
favor," necessarily implied the right to have his witnesses
bound in recognizance to appear and testify in his behalf,
that would by no means imply that the county was liable to
pay the costs incurred in arresting and binding over such
witnesses.    So that it does not seem to us that the constitu-
tional provision referred to has any application to this case.
But even if it does apply, and a defendant has the right to
have his witnesses bound over in a case of misdemeanor, and
the county is liable to pay the costs for the services of the
sheriff in binding over defendant's witnesses in cases of mis-
demeanor, still the judgment below cannot be sustained, for
the sheriff made no such claim on the county.    So, also, sec.
45 of the Criminal Statutes, 2 Rev. Stat. 1893, at page 276,
which has been referred to in the argument, has no applica-
tion to this case; for it will be seen by reference to the origi-
nal acts from which that purports to have been taken, that
there is a very serious error in that section as printed in the
Rev. Stat., caused by the omission of the word "no."    The
acts from which that section purports to have been taken are
sec. 2638 of the Gen. Stat. of 1882, and the 8th section of
"an act concerning the office and duties of magistrate,"
passed in 1839, XI. Stat., at page 23 of the last edition of
that volume.    For in sec. 45 of the Crim. Stat., 2 Rev.
Stat., 276, the language is: "The accused shall in felonies
and in other cases have the like process to compel the attend-
ance of any witness in their behalf as is granted or permitted

on the part of the State"—that is, to arrest and bind over their witnesses. But the language found in the act of 1839 is, "The accused shall in felonies and no other case have the like process, &c.," and in sec. 2638 this language is substantially followed. So that the provision in sec. 45 of the Crim. Stat., rightly read, applies only in cases of felony and has no application to cases of misdemeanor. There being, then, no law requiring a county to pay the costs of a sheriff for serving subpœna writs issued to secure the attendance of witnesses on behalf of a defendant indicted for a misdemeanor, there was error on the part of the Circuit Judge in reversing the judgment of the county board of county commissioners in this case.

The judgment of this Court is, that the judgment of the Circuit Court be reversed.