## DUPUIS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. April 13, 1925. Rehearing Denied May 11, 1925.)

No. 4421.

1. **Criminal law** ⊜⇒1134(2)—**Claim of what could have been shown, had witnesses for defendant been procured at government's expense, not considered.**

What it is contended defendant could have shown, had the trial court, under Rev. St. § 878 (Comp. St. § 1489), permitted him to procure witnesses at the expense of the government, cannot be considered.

2. **Witnesses** ⊜⇒2(1)—**Procuring witnesses for defendant at government expense in discretion of trial court.**

The matter of procuring at government expense witnesses for an indigent defendant in federal court is, under Rev. St. § 878 (Comp. St. § 1489), solely in the discretion of the trial court.

3. **Indians** ⊜⇒34—**So long as tribal relations existed, immaterial that sale of liquor was to one entitled to no allotment under Indian Allotment Act.**

Relative to sale of liquor to an Indian, the national guardianship over Indians continues as long as the tribal relations exist, so that such relations existing, as to the woman to whom sale was made, it is immaterial that she was not entitled to any allotment under the Indian Allotment Act.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Jim Dupuis was convicted of selling liquor to an Indian, and brings error. Affirmed.

Paul C. Dormitzer, of Portland, Or., for plaintiff in error.

John S. Coke, U. S. Atty., and Millar E. McGilchrist, Asst. U. S. Atty., both of Portland, Or.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

ROSS, Circuit Judge. [1, 2] We see no merit in the argument for the plaintiff in error. What it is contended he could have shown, had the trial court permitted him to procure witnesses at the expense of the government, cannot, of course, be considered, for no such witnesses were procured or appeared. That the matter of such procurement was within the discretion of the court is both statutory and settled by the courts. Rev. Stat. § 878 (Comp. St. § 1489); Goldsby v. U. S., 160 U. S. 70, 16 S. Ct. 216, 40 L. Ed. 343; O'Hara v. U. S., 129 F. 551, 64 C. C. A. 81.

[3] The claim that the woman to whom the liquor was alleged and shown to have been sold by the plaintiff in error was not an Indian, because, according to the evidence, not entitled to any allotment under the Indian Allotment Act, is unsound, for the reason that the national guardianship over the Indians continues (in the absence of an act of Congress to the contrary) as long as the tribal relations exist. In the present case there was testimony to show that such relations did exist. And there was also testimony tending to show the alleged sales of the alleged liquor by the plaintiff in error to the Indian woman on the occasions and at the times and place alleged in the indictment.

The judgment is affirmed.