### CASEBEER v. HUDSPETH, Warden.
### No. 2098.

Circuit Court of Appeals, Tenth Circuit.
Aug. 2, 1941.

Rodger Spahr, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Edward Casebeer was convicted of the crime of robbing a national bank with firearms, and the judgment was affirmed. 87 F. 2d 668. He subsequently instituted this pro-ceeding in habeas corpus to secure his release from further detention in the federal penitentiary at Leavenworth, Kansas. The trial court denied the petition for the writ, and that action was affirmed. 114 F.2d 789. The Supreme Court, without opinion, reversed the judgment and remanded the cause to this court "with directions to reconsider the petitioner's appeal in the light of a transcript of the testimony taken at the hearing on the petition for habeas corpus." 61 S.Ct. 804, 85 L.Ed. ——.

The record lodged in this court on which the cause was submitted and determined contained the testimony of the former wife of petitioner, certain depositions and certain ex parte affidavits, but not a complete transcript of the testimony taken at the hearing on the petition for the writ. Since the remand, a complete transcript was prepared and filed and is now before us. In addition, petitioner requested a transcript of the hearings on the supplemental motion for new trial in the criminal case. That transcript was also prepared and filed. As directed by the Supreme Court, we reconsider the appeal in the light of the transcript of the testimony adduced at the hearing on the petition for the writ.

 The petition and the reply, considered together, alleged that the indictment was returned in the criminal case as the result of a conspiracy on the part of an 'officer of the State of Kansas and certain inmates of the penitentiary of that state to falsely testify that petitioner took part in the robbery of the bank, and that the inmates gave false testimony against petitioner in consideration of rewards offered and made to them by the state officer; that the evidence on which petitioner was convicted came from unscrupulous persons for personal and ulterior reasons; that a substantial portion of it was given by prisoners, their wives, and their relatives, under promise of release from the state penitentiary; that an understanding existed with certain witnesses to the effect that if petitioner was found guilty they would be released from the penitentiary, and that they were released; and that the conviction of petitioner was obtained through the use of false and perjured evidence given in furtherance of the fraud, conspiracy and illegal acts of the state officer and inmates of the state penitentiary. The conviction of an accused person in a United States court with resulting imprisonment brought about through a con-

spiracy to which the prosecuting officers are parties to use and the deliberate use of perjured testimony pursuant to such a conspiracy violates due process. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L. Ed. 791, 98 A.L.R. 406. It was not alleged in the petition for the writ that the prosecuting officers were parties to such a conspiracy. It was charged that the state officer and the inmates of the state penitentiary entered into a conspiracy of that kind, that perjured testimony was introduced in furtherance of it, and that petitioner was convicted upon the testimony. But, while the record contains many insinuations and much argument relating to the matter, the evidence adduced fell far short of showing that a conspiracy was formed or that perjured testimony was introduced against petitioner as the result of it. In résumé, the evidence failed completely to bring the case within the rule announced in Mooney v. Holohan, supra.

■ It was further alleged that the evidence in the criminal case did not establish the presence of petitioner at the scene of the crime, that there was no evidence proving his guilt, and that evidence given in his behalf was not accorded credence. It is the general rule that the sufficiency of the evidence to warrant a conviction in a criminal case can be reviewed only on appeal, and that it cannot be tested in habeas corpus to effect the discharge of the accused from confinement after conviction but in such a proceeding the sufficiency of the evidence in the criminal case must be conclusively presumed. Norton v. Zerbst, 10 Cir., 83 F.2d 677, certiorari denied 299 U.S. 541, 57 S.Ct. 24, 81 L.Ed. 398; Moore v. Aderhold, 10 Cir., 108 F. 2d 729; Reger v. Hudspeth, 10 Cir., 103 F.2d 825, certiorari denied 308 U.S. 549, 60 S.Ct. 79, 84 L.Ed. 462; Carpenter v. Hudspeth, 10 Cir., 112 F.2d 126, certiorari denied 311 U.S. 682, 61 S.Ct. 62, 85 L.Ed. ——; Creech v. Hudspeth, 10 Cir., 112 F. 2d 603; and cases there cited. But laying that rule aside, and, as directed by the order of remand, looking to the transcript of the testimony taken at the hearing on the petition for the writ, there was no showing that the evidence in the criminal case was inadequate in any material respect.

■ It was additionally alleged that the court violated the rights of petitioner under the Sixth Amendment to the Constitution of the United States by the denial of compulsory process for the witnesses whose testimony he desired at the hearing on the supplemental motion for new trial predicated upon newly discovered evidence. Petitioner submitted to the court an informal request for the issuance of process to compel the witnesses to attend at the expense of the government. The issuance and service of process was not denied. The court merely declined to compel the attendance of the witnesses at government expense. The right to compulsory process under the Sixth Amendment and under section 1034 of the Revised Statutes, 18 U.S.C.A. § 563, includes the issuance and service of such process but not payment by the government of the expenses of the witnesses. Cf. State v. Waters, 39 Me. 54; State v. Nathaniel, 52 La.Ann. 558, 26 So. 1008; Pittman v. State, 51 Fla. 94, 41 So. 385, 8 L.R.A.,N.S., 509; Roberts v. State, 94 Ga. 66, 21 S.E. 132; Henderson v. Evans, 51 S.C. 331, 29 S.E. 5, 40 L.R.A. 426; Whittle v. Saluda County, 59 S.C. 554, 38 S.E. 168; Greene v. Ballard, 174 Ky. 808, 192 S.W. 841; Bishop, New Crim.Proc. § 959b.

■ Section 878, Revised Statutes, 28 U.S.C.A. § 656, authorizes in certain circumstances the issuance and service of process and the payment of the fees of witnesses in behalf of the accused in the same manner that like costs and fees are paid in case of witnesses subpoenaed in behalf of the government. But no effort was made to comply with the procedural requirements of that section, and the question whether process shall be issued and served and the fees of witnesses paid under it is addressed to the sound judicial discretion of the trial court. Goldsby v. United States, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343; Crumpton v. United States, 138 U.S. 361, 11 S.Ct. 355, 34 L.Ed. 958; Gibson v. United States, 8 Cir., 53 F.2d 721, certiorari denied 285 U.S. 557, 52 S.Ct. 458, 76 L.Ed. 946; Austin v. United States, 9 Cir., 19 F.2d 127, certiorari denied 275 U.S. 523, 48 S.Ct. 22, 72 L.Ed. 405; Dupuis v. United States, 9 Cir., 5 F.2d 231.

■ It was also alleged that persons residing in Wisconsin whom petitioner desired as witnesses on the hearing on the supplemental motion for new trial were told by the United States Marshal that subpoenas were without force and effect in that state and that such persons were not required to appear as witnesses in obedience to such process; and that witnesses for petitioner were approached and intimi-

dated, and one of them was forced by threats to testify to facts different from those detailed in an ex parte affidavit previously given to petitioner. One witness, formerly the wife of petitioner, testified that a person residing in Wisconsin stated to her that some government man had told him he did not have to go to the hearing because they would not pay his expenses, and she further testified that if such person had been present at the hearing he would have testified to facts tending to establish an alibi. It suffices to say that other than the hearsay evidence just outlined, no testimony was offered at the hearing on the petition for the writ which tended to sustain the allegations.

It was further pleaded that petitioner was not given a fair chance to present evidence at the hearing on the motion; that as an important witness in his behalf was about to take the stand, the court suggested that additional affidavits be secured; that such affidavits were secured and presented but not considered; that the hearing was continued to be resumed at a later date; and that it was not subsequently resumed with opportunity to adduce evidence. The transcript of the testimony taken at the hearing on the petition for the writ presented a conflict in respect to the hearings on the motion. Petitioner testified to facts which tended to support the allegations contained in the petition for the writ and the reply, and his testimony was corroborated in one respect by that of another witness, but the judge who presided at the hearings testified unqualifiedly that all of the witnesses offered were permitted to testify and that all of the evidence adduced was heard. There were two hearings on the motion. Both parties announced at the conclusion of the first that no further evidence would be adduced at that time. The court announced its willingness to hear the testimony of the wife of petitioner who was then present or to hear any additional evidence which petitioner could secure by affidavit, throwing light on the matter. Petitioner requested an opportunity to submit the affidavits of two or three witnesses, and the court gave him twenty days within which to do so. At the second hearing, had almost forty-five days later, one witness offered by petitioner testified. Certain affidavits made after the first hearing, relating to the whereabouts of petitioner, were then submitted. There was no suggestion of a desire to adduce further evidence or to submit additional affidavits. Instead of denying petitioner a full hearing, the court heard the matter patiently and gave it careful consideration. The rights of petitioner in connection with it were not prejudiced in any manner. Furthermore, the motion for new trial was filed after the appeal had been taken in the case. The court was therefore without jurisdiction to entertain it. We cannot understand how petitioner suffered injury by the action taken in respect of a motion which the court lacked jurisdiction to entertain.

The order denying the writ is affirmed.