## FIELDS v. HUNTER.
### No. 3627.

Circuit Court of Appeals, Tenth Circuit.

April 7, 1948.

Francis Hickey Schalow, of Denver, Colo., for appellant.

Eugene Davis, Asst. U. S. Atty., of Topeka, for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus. Fields [1] was charged by an indictment with a violation of 18 U.S.C.A. § 338a(b). The indictment was returned September 13, 1946. On September 19, 1946, petitioner appeared in open court and at his request the court appointed Hans Wulff, Esq., a member of the bar of the Supreme Court of Missouri, as counsel for petitioner. Petitioner was then formally arraigned and entered a plea of not guilty. After consulting with petitioner, Wulff asked for a continuance. The court thereupon set the cause for trial on October 27, 1946. On October 22, 1946, petitioner appeared in person and with his counsel and withdrew his plea of not guilty and entered a plea of guilty. The record of that proceeding discloses that Wulff had investigated the charge; had satisfied himself of petitioner's guilt; had investigated petitioner's previous record and had learned of his propensity to commit crime, and that he advised the court with respect to petitioner's previous record, his apparent inability to avoid criminal conduct, and requested that petitioner be committed to a mental institution. There was no suggestion, however, that petitioner lacked mental capacity to commit crime. The court suggested that after sentence had been imposed, a request might be made that petitioner be committed to the United States Medical Center at Springfield, Missouri. Petitioner then stated that he had once been confined at the Springfield Institution for a period of two years and six months and did not desire to be returned to that Institution. Wulff then stated that petitioner believed that he had received better treatment at the United States Penitentiary at Leavenworth, Kansas, and preferred to be committed to that Institution. At that proceeding, petitioner frankly admitted that he had committed the offense charged but stated that he was unable to avoid criminal conduct. It appeared that he was a confirmed recidivist. The court continued the matter until October 30 for further investigation. On October 24, 1946, petitioner appeared before the court. The court had obtained a report of petitioner's previous record. The court advised petitioner that the report indicated he was not vicious, but that he could not keep out of trouble. In response to an inquiry of the court, petitioner requested probation. The court then stated he would give further consideration to the matter. The petitioner stated he would be satisfied

---

[1] Hereinafter referred to as petitioner.

548

with whatever disposition the court concluded was proper.

On October 30, 1946, petitioner again appeared before the court with his counsel. The court announced that he had given serious consideration to the matter and had concluded that petitioner would be better off under confinement and, thereupon, committed petitioner to the custody of the Attorney General for imprisonment for a period of ten years.

As grounds for the writ, petitioner set up that he was not represented by counsel at the proceeding on October 24; that Wulff was antagonistic to petitioner and did not properly represent him. The record shows that Wulff appeared at all of the proceedings except the one on October 24, and properly and competently represented petitioner. Moreover, the record indicates that nothing occurred at the proceeding on October 24 to the prejudice of petitioner.

The constitutional right to be represented by counsel is a matter of substance, not form.[2] It is not satisfied by legalistic formality.[3] Neither is it denied by proceedings which do not constitute a substantial deprivation of the right. Here, petitioner was represented by counsel at the time of arraignment, at the time the pleas were entered, and at the time sentence was imposed. Counsel investigated the charge, the previous record of petitioner, and his propensity to commit crime and made a full disclosure to the court of all the relevant facts at the proceeding on October 22. It is obvious that the problem presented to the court was what disposition would be for the best interests of petitioner and also afford adequate protection to society; and that the representations made by petitioner, his counsel, and the report of petitioner's previous conduct were given serious consideration by the court. We conclude, as did the court below, that petitioner was competently and properly represented by counsel and that nothing occurred which substantially denied petitioner's constitutional right to counsel.[4]

The maximum sentence which could have lawfully been imposed under § 338a(b), supra, was five years. Since petitioner has not served the legal portion of the sentence, he is not entitled to discharge, but proper steps should be taken to have the sentence corrected.

Affirmed.

---

[2] Avery v. Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377; Powell v. Alabama, 287 U.S. 45, 58, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Amrine v. Tines, 10 Cir., 131 F.2d 827, 833.

[3] Von Moltke v. Gilles, 68 S.Ct. 316; Willis v. Hunter, 10 Cir., 166 F.2d 721.

[4] Cf. Canzio v. New York, 327 U.S. 82, 86, 66 S.Ct. 452, 90 L.Ed. 548.