## SNELL v. UNITED STATES.
### No. 3857.

United States Court of Appeals
Tenth Circuit.
May 10, 1949.

Milton Berger, Denver, Colo., for appellant.

Haskell B. Pugh, Assistant United States Attorney, Oklahoma City, Okl., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

An information was filed in the United States Court for Western Oklahoma charging that Harry C. Snell and Joe David Murray, with the use of loaded firearms, robbed the First National Bank of Jones, Oklahoma, of approximately $9,331, such bank then being a member of the Federal Reserve System. The defendants pleaded guilty to the charge contained in the information, and each was sentenced to imprisonment for a term of twenty-five years and to pay a fine of $10,000. About fourteen months after imposition of the sentences, the defendant Snell filed in the case a pleading in the nature of a motion to vacate the written waiver of counsel signed by him, to vacate the plea of guilty entered by him, to vacate the sentence imposed upon him, and to recall the commitment under which he was then confined in prison. The court denied the motion without hearing any evidence, and the defendant appealed.

While drawn inartistically and apparently without the aid of an attorney, the essence of the motion was that the defendant was an ignorant layman not versed in law or criminal procedure; that previous to the filing of the information in this case he had never been charged with a crime; that intermediate his arrest and his appearance before the court he was confined in jail incommunicado; that he had no opportunity to contact persons friendly to him or to learn of his constitutional or legal rights; that he did not effectively waive his right to the assistance of counsel; and that he did not have the benefit of counsel at the time he signed the written waiver, at the time he entered his plea of guilty, and at the time sentence was imposed upon him. The Sixth Amendment to the Constitution of the United States guarantees to one charged with a crime the right to the aid of counsel in his defense, and under the broad sweep of the constitutional safeguard the accused is entitled to the guiding hand of counsel at every stage of the proceedings. Thomas v. Hunter, 10 Cir., 153 F.2d 834. The right to the aid of counsel is personal, and, of course, it may be waived. But it must be waived intelligently, understandingly, and in a competent manner. Caldwell v. Hunter, 10 Cir., 163 F.2d 181, certiorari denied, 333 U.S. 847, 68 S.Ct. 649, 92 L.Ed. 1130.

The right to the assistance of counsel is one of substance, and it is not satisfied by mere legalistic formality. Willis v. Hunter, 10 Cir., 166 F.2d 721, certiorari denied, 334 U.S. 848, 68 S.Ct. 1499, 92 L.Ed. 1772; Fields v. Hunter, 10 Cir., 167 F.2d 547. It is the duty of the trial judge before whom a defendant appears without counsel to make a thorough inquiry and to take all steps necessary to insure the fullest protection of the constitutional right at every stage of the proceedings. That protecting duty imposes upon the trial judge the

582

responsibility of determining whether there is an intelligent and competent waiver by the accused. To discharge that duty, the court must investigate as long and as thoroughly as the circumstances of the case reasonably demand. The fact that an accused may state that he is informed of his right to counsel and desires to waive such right does not automatically end the responsibility of the court. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct 316, 92 L.Ed. 309.

■ Here, the defendants were taken before the court three days after the commission of the offense charged in the information. The transcript of the proceedings duly certified by the official court reporter, the correctness of which is not challenged, discloses that the Assistant United States Attorney stated that the case was before the court for the waiver of indictment; that the court asked the defendants if they had an attorney and each replied in the negative; that the court asked if they desired one, and they again answered in the negative; that the court said, "Let them sign waiver of appointment of attorney"; that after each signed the waiver, the court inquired whether they desired to plead guilty or not guilty; that they each entered a plea of guilty; and that the sentences were immediately imposed. The court did not advise the defendants respecting their right to the assistance of counsel. The nature of the charge or the possible range of punishment was not explained to them. No questions were asked tending to elicit information as to whether they desired to waive their right to the assistance of counsel and to enter their pleas of guilty with an apprehension of the nature of the charge, the range of allowable punishment, possible defenses, possible circumstances in mitigation, or other possible similar factors entering into the equation. The signing of a written waiver of the right to the aid of counsel and the entering of a plea of guilty under such circumstances does not satisfy the protecting exactions of the Sixth Amendment. Von Moltke v. Gillies, supra; Uveges v. Pennsylvania, 335 U.S. 437, 69 S.Ct. 184.

■ The United States advances the contention that the written waiver and the judgment and sentence recite that the constitutional rights of the defendant were explained to him; that such factual recital in the judgment and sentence import verity; and that in the absence of fraud it cannot be collaterally challenged. A factual recital of that kind contained in the judgment and sentence in a criminal case imports verity and in the absence of fraud it is not open to collateral attack in habeas corpus. Edminston v. Hunter, 10 Cir., 161 F.2d 691; Christakos v. Hunter, 10 Cir., 161 F.2d 692, certiorari denied, 332 U.S. 801, 68 S.Ct. 92, 92 L.Ed 381. But this is not a proceeding in habeas corpus in which the judgment in the criminal case is being attacked collaterally. It is a motion lodged in the criminal case in which the judgment is being subjected to direct attack. Therefore, the rule on which the United States relies is without application.

The order denying the motion is reversed and the cause is remanded.