## CHERRIE v. UNITED STATES.
### No. 3977.

United States Court of Appeals
Tenth Circuit.
Dec. 29, 1949.

B. Mack Bryant, Wichita, Kan., for appellant.

John S. Miller, Asst. U. S. Atty., Cheyenne, Wyo. (John C. Pickett, U. S. Atty., Cheyenne, Wyo., was with him on the brief) for the United States.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from the denial of a motion filed under 28 U.S.C.A. § 2255 to vacate a sentence of imprisonment.

Cherrie was apprehended upon charges of violating 18 U.S.C.A. § 415 [now § 2314].

Thereafter, on June 24, 1948, he signed a written waiver of indictment, the material portions of which are set out in marginal Note [1].

On the same day, an information was filed. It contained four counts, each charging a violation of 18 U.S.C.A. § 415 [now § 2314]. Cherrie was brought before the court, and the following colloquy occurred between the court and Cherrie:

"The Court: * * * You are held under a charge of transporting a falsely made security, a check dated October 5, 1945, drawn on the United States National Bank, Denver, Colorado, payable to P. J. Ryan, signed by M. F. Johnson for the Drilling and Exploration Company of Denver in the amount of $158 to be transported in interstate commerce from the City of Evanston in the County of Uinta in the State and District of Wyoming to the City of Denver. And in the second count transporting a false security from the City of Rawlins in the County of Carbon in the state and District of Wyoming to the City of Denver. Third count 13th of October 1945 in the District of Wyoming a check dated October 5, 1945 caused to be transported in interstate commerce from the City of Laramie to the City of Denver. Fourth count transporting a false security in the sum of $158.-

18 in interstate commerce from the City of Cheyenne in the County of Laramie to the City of Denver. Under this form of charge upon which you are held you have the right to have your case presented to a grand jury in which event you can plead guilty or not guilty and if not guilty, be entitled to trial by jury but the law provides you can waive an indictment and consent to be prosecuted by an information filed by the United States Attorney in which event you have the identical rights under an information as you have under an indictment. You understand that? A. Yes, sir.

"The Court: Under these circumstances do you desire to waive an indictment? A. Yes, sir.

* * * * * *

"The Court: Are you ready to plead to this information of which I have heretofore outlined in regard to the charge against you without the assistance of counsel to which you are entitled? A. Yes, sir.

"The Court: And at this time do you plead guilty or not guilty? A. Guilty."

The court then continued the matter for a pre-sentence investigation, and on August 5, sentenced Cherrie to imprisonment for three years on each count, to run concurrently.

The report of the probation officer disclosed that Cherrie was sentenced to a term of 2 to 20 years in the Washington State Reformatory in 1941 and was paroled after serving 11 months of his sentence.

The motion to vacate was predicated on the ground that Cherrie did not voluntarily, intelligently, and competently waive his right to the benefit of counsel when he signed the written waiver of indictment and when he entered his plea of guilty to the several counts of the information. In disposing of the motion, the trial judge, in a written memorandum, recited the proceedings on June 24, 1948, and stated that he

[1]. "* * * the above named defendant, who is accused of violating Title 18, Section 415 [now § 2314] U.S.C.A. (Transporting falsely made securities interstate) being advised of the nature of the charge and of his rights, hereby

waives in open court prosecution by indictment and consents that the proceeding may be by information instead of by indictment.

C. C. Cherrie
Defendant."

personally remembered what occurred at such proceedings, and further said: "This personal recollection impressed me with the intelligence of the defendant and that he knew what he was doing at the time so that he intelligently waived the assistance of counsel after he had been advised that he was entitled to it by law."

It will be observed that Cherrie signed the waiver of indictment without the advice of counsel, and that when he was brought before the court, the only statement advising him of his constitutional right to counsel for his defense was by the indirect statement: "Are you ready to plead to this information of which I have heretofore outlined in regard to the charge against you *without the assistance of counsel to which you are entitled?*"

In Von Moltke v. Gillies, 332 U.S. 708, 722-723, 68 S.Ct. 316, 322, 92 L.Ed. 309, the court said: "It is the solemn duty of a federal judge before whom a defendant appears without counsel to make a thorough inquiry and to take all steps necessary to insure the fullest protection of this constitutional right at every stage of the proceedings.

\* \* \* \* \* \*

"We have said: 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.' To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered."

We are of the opinion that the mere statement "Are you ready to plead \* \* \* without the assistance of counsel to which you are entitled?" did not discharge the duty of the court. When a defendant appears before the court without counsel, we think, as a minimum, the court, in order to discharge its duty, must advise the defendant of the seriousness of the charge, that the Constitution of the United States guarantees him the right to have the assistance of counsel for his defense, and that if he is unable to employ counsel, it is the duty of the court to appoint, and the court will appoint, counsel for him. Ordinarily, only by such an inquiry can the court be sure that the defendant understands his constitutional right and intelligently waives it.[2] Of course, if the defendant is learned in the law, or it otherwise clearly appears that he knows his constitutional rights, a less inquiry may suffice.

Section 2255, supra, in part provides: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

Here, we think the files and records did not conclusively show that Cherrie was not entitled to any relief and that the court should have granted him a hearing on his motion.

Reversed and remanded for further proceedings in accordance with the views herein expressed.

2. See Snell v. United States, 10 Cir., 174 F.2d 580.