### CHERRIE v. UNITED STATES.
### No. 4095.

United States Court of Appeals
Tenth Circuit.
July 31, 1950.

Walter B. Phelan, Cheyenne, Wyo., for appellant.

John S. Miller, Asst. U. S. Atty., Cheyenne, Wyo., (J. J. Hickey, U. S. Atty., Rawlins, Wyo., on the brief), for the United States.

Before PHILLIPS, Chief Judge, and MURRAH, Circuit Judge.

PHILLIPS, Chief Judge.

This is an appeal from an order denying a motion to vacate a judgment filed under 28 U.S.C.A. § 2255. The matter was here on a prior appeal, Cherrie v. United States, 10 Cir., 179 F.2d 94. We there held that the files and records in the case did not conclusively show that Cherrie was not entitled to any relief and reversed and remanded the matter with directions to grant him a hearing.

At the hearing Cherrie asserted a denial of his constitutional right to counsel. The United States asserted that such right was waived by Cherrie. The issue was whether the defendant competently and intelligently waived his right to counsel.[1]

After a full and complete hearing, in which Cherrie was represented by able counsel, appointed by the court, the trial court resolved the issue against Cherrie.

The evidence adduced established these facts:

Cherrie was born August 28, 1910. He was educated in the public schools. He completed the eighth grade and two years of high school. He is an oil field worker and a man of more than average intelligence. Prior to the filing of the present charge he had been before the courts on at least four separate criminal charges and he had served a term in the Washington State Penitentiary. He was not a stranger to criminal proceedings.

On June 17, 1948, he made a voluntary statement to an agent of the Federal Bureau of Investigation, in which he admitted that he was guilty of the offense charged. The agent advised him that he had the right to have an attorney. Cherrie stated that he knew he could have a lawyer, but that he was guilty; that he did not want a lawyer, and that he wanted to plead guilty and get the matter over with as quickly as possible. On June 21, 1948, Cherrie was taken before the United States Commissioner in Cheyenne, Wyoming. The United States Commissioner stated to Cherrie that he could not appoint an attorney for Cherrie, and that only the United States District Judge could appoint an attorney; and inquired if Cherrie desired the services of an attorney. Cherrie replied that he did not want an attorney; that he "wanted to plead guilty and have it over with."

On June 24, 1948, the United States Marshal took Cherrie and three other defendants into open court for arraignment. The United States Attorney presented Cherrie with a copy of an information and a copy of a waiver of indictment and explained to Cherrie that he had the right to have the case presented to a grand jury, but that if he so desired, he might waive indictment by the grand jury and plead to the information; and that he would have the same rights under the information that he would have if he were charged by indictment by the grand jury. The United States Attorney then told Cherrie that he had the right to an attorney, and that if he did not have the money to employ an attorney, the court would appoint an attorney for him, if he requested it. Cherrie then signed an indict-

1. Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

386

ment waiver, reciting: "* * *, the above named defendant, who is accused of violating Title 18, Section 415, U.S.C.A.[2] (Transporting falsely made securities interstate) being advised of the nature of the charge and of his rights, hereby waives in open court prosecution by indictment and consents that the proceeding may be by information instead of by indictment."

At the hearing on the motion, Cherrie testified: "I knew I was guilty of committing a crime, I knew that and I had always made up my mind when I was caught I was caught and I would go ahead with it and pay my penalty whatever it was so I knew that the—I knew I didn't want any jury trial and I wanted to get it over with as soon as possible, therefore, I just signed it because I thought I was just waiving a jury trial."

Immediately prior to Cherrie's arraignment, another defendant stated that he did not have money to employ counsel and re-

quested that the court appoint counsel for him. Thereupon, the court appointed counsel for such defendant. This occurred in the presence and hearing of Cherrie.

When Cherrie was called before the bar of the court for arraignment, a colloquy between the court and Cherrie occurred, which is set forth in our previous opinion, 179 F.2d 94, 95. In that colloquy, the court stated and Cherrie replied thereto, as follows: "The Court: Are you ready to plead to this information of which I have heretofore outlined in regard to the charge against you without the assistance of counsel to which you are entitled? A. Yes, sir."

Under all the facts and circumstances presented at the hearing on the motion, we are of the opinion that the court was justified in finding that Cherrie competently and intelligently waived his constitutional right to counsel.

Affirmed.

2. 1948 Revised Criminal Code, 18 U.S.C.A. § 2314.