BRINK v. UNITED STATES.

No. 4579.

United States Court of Appeals, Tenth Circuit.

Feb. 2, 1953.

Rehearing Denied March 9, 1953.

Paul Woodward Brink pro se.

Eugene W. Davis, U. S. Atty., Topeka, Kan., for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order of the District Court of Kansas, denying a motion under 28 U.S.C.A. § 2255, to vacate a judgment and sentence imposed on a plea of guilty to an information containing three counts, each charging a violation of the mail fraud statute. 18 U.S.C.A. § 1341. The court imposed a sentence of five years on counts one and two to run consecutively, and five years on count three to run concurrently with the sentences imposed on counts one and two, or a total of ten years.

The gist of petitioner's motion to vacate is that count one of the information fails to charge an offense against the laws of the United States; and that at the time he entered his plea of guilty, he was mentally and physically ill, and his court-appointed counsel failed to properly advise him concerning the validity of the count.

▆ Count one of the information charged a scheme and artifice to defraud and to obtain money and property by means of false representations, pretenses and promises from persons in the State of Kansas identified with various religious movements. The alleged scheme contemplated that the petitioner would operate under the name of the Old Time Bible Teachers at the 500th Bible Convention; that he would write to various religious leaders throughout the State of Kansas, asking them to be an honorary guest speaker at the 500th Bible Convention, to be held at Atchison, Kansas, on May 15, 1952; that he would ask the receiver of the letter to contribute $1.00 for an honorary life membership in the 500th Birthday Bible Class; and that at the same time, petitioner knew there would be no such convention and no organization known as the Old Time Bible Teachers Class. Then it was charged that for the purpose of executing the scheme aforesaid, petitioner placed or caused to be placed in the United States mail a newspaper known as the Topeka State Journal under date of April 11, 1952, containing an announcement or advertisement of the said convention, to be sent and delivered by the Post Office establishment of the United States.

These allegations clearly attempted to charge an offense under the mail fraud statute, over which the court had jurisdiction, and the court having jurisdiction of the person charged, count one of the information is invulnerable to this collateral proceedings. See Kreuter v. United States, 10 Cir., 201 F.2d 33.

▆ From the statement in the motion, we take it that the petitioner intends to invoke his constitutional right to the effective assistance of counsel, and to complain of the competency of his court-appointed counsel. Having in mind the right of an accused to the effective assistance of counsel at every step of criminal proceedings against him, we have heretofore noticed what, on the face of records, appeared to be inadequate representations of the accused. And to make sure that fundamental rights are not lightly regarded, we have remanded cases for closer and clearer ascertainment of facts. Snell v. United States, 10 Cir., 174 F.2d 580; Cherrie v. United States, 10 Cir., 184 F.2d 384; Cherrie v. United States, 10 Cir., 179 F.2d 94; Wheatley v. United States, 10 Cir., 198 F.2d 325. But, our solicitude for adherence to the effective assistance of counsel does not require us to suspect every gratuitous representation, or to assume that the trial court neglected its high duty to vouchsafe the guaranteed right. On the contrary, we freely indulge in the presumption that every court-appointed counsel has discharged his

**6**

professional duty with honor and credit to the cause of justice. Indeed, we cannot accept the petitioner's categorical statement that counsel fell short of his sworn duty, especially in the face of the scrutiny of the trial judge, whose findings with respect to the regularity of the proceedings certainly cannot be said to be clearly erroneous.

The judgment is affirmed.