James V. ALEXANDER, Appellant,

v.

Ivan R. DAUGHERTY, Warden of Wyoming State Penitentiary, and The State of Wyoming, Appellees.

No. 6590.

United States Court of Appeals Tenth Circuit.

Jan. 19, 1961.

No appearance for appellant (appellant filed a brief per se).

W. M. Haight, Deputy Atty. Gen., for appellees.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

The petitioner, Alexander, was convicted in the District Court of Laramie County, Wyoming of murder in the second degree, and sentenced to serve a term of not less than 45 years nor more than 65 years in the Wyoming State Penitentiary. The conviction was affirmed by the Wyoming Supreme Court. State v. Alexander, 78 Wyo. 324, 324 P.2d 831.[1] At the trial and on appeal, Alexander was represented by competent counsel of his own choosing.

After exhausting his remedies in the state courts, Alexander brought this habeas corpus proceeding, contending that he was unlawfully detained because his conviction was obtained in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States. The trial court, after a hearing at which the petitioner was represented by court-appointed counsel, held that it did not appear from the petition that the petitioner was entitled to the writ,[2] and sustained a motion to dismiss.

In substance, the petition alleges that Alexander was denied due process of law because he was convicted solely upon circumstantial evidence, because of the mis-

conduct of the prosecuting attorney, because he was denied the right to present surrebuttal at the trial, because the state failed to prove that the death occurred in an unlawful manner, and because there was no evidence which tended to connect the petitioner with the cause of death.

It would serve no useful purpose to set forth the numerous contentions made in the petitioner's brief. It suffices to say that they all relate to matters which occurred during the trial of the case in the state court, including the admission of evidence, the effect of the evidence, the instructions to the jury, the conduct of the prosecuting attorney, the presentation of evidence, and the argument to the jury. The trial court described the petition as bearing "all the resemblance of a motion for a new trial." All of the matters complained of were irregularities which were, or should have been, presented upon appeal. In Browning v. Hand, 284 F.2d 346, 348, we said: "The due process clause of the 14th Amendment does not guarantee that the decisions of the state courts shall be free from error nor impair the right of the states to establish judicial procedures. The federal courts will intervene only when fundamental constitutional guarantees have been transgressed."

The law applicable to cases of this nature is set forth by this court in Odell v. Hudspeth, 10 Cir., 189 F.2d 300, 301–302, certiorari denied 342 U.S. 873, 72 S.Ct. 116, 96 L.Ed. 656, as follows:

"Federal courts will entertain applications for writs of habeas corpus and discharge persons detained under a state court judgment and sentence only when that custody is in violation of the constitution or laws or treaties of the Untied States, and then only when all remedies afforded by appeal have been exhausted. 28 U.S.C.A. § 2241; Darr v. Burford,

---

1. The sordid details of the murder of Alexander's wife are set forth in this opinion.

2. 28 U.S.C.A. § 2243 provides that when an application for a writ of habeas cor-

pus is filed, the writ shall issue "unless it appears from the application that the applicant or person detained is not entitled thereto."

339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Hudspeth v. McDonald, 10 Cir., 120 F.2d 962. To authorize relief to a state prisoner under section 2241, the deprivation of constitutional rights must be such as to render the judgment void. Mere errors in proceedings by a state court in the exercise of its jurisdiction over a case properly before it, however serious, cannot be reviewed by habeas corpus. Habeas corpus proceedings may not be employed as a substitute for appeal. Frank v. Mangum, 237 U.S. 309, 326, 35 S.Ct. 582, 59 L.Ed. 969; Maxwell v. Hudspeth, 10 Cir., 175 F.2d 318, certiorari denied 338 U.S. 834, 70 S.Ct. 39 [94 L.Ed. 509]; Garrison v. Hunter, 10 Cir., 149 F.2d 844; Rosenhoover v. Hudspeth, 10 Cir., 112 F.2d 667. Federal courts will intervene only when the fundamental rights of the prisoner have been denied and taken from him arbitrarily and a trial in accordance with the established law of the state in a court of competent jurisdiction has not been afforded. The court in the Mangum case, in speaking of due process in state courts, aptly said: 'It is perfectly well settled that a criminal prosecution in the courts of a state, based upon a law not in itself repugnant to the Federal Constitution, and conducted according to the settled course of judicial proceedings as established by the law of the state, so long as it includes notice and a hearing, or an opportunity to be heard, before a court of competent jurisdiction, according to established modes of procedure, is 'due process' in the constitutional sense.' [237 U.S. 309, 35 S.Ct. 586.]. To establish a different doctrine would impair the power of the states to prevent and punish crime."

Finding no error, the judgment is affirmed.