George Raymond DEVINE, Appellant,

v.

Tracy A. HAND, Warden, Kansas State Penitentiary, Appellee.

No. 6565.

United States Court of Appeals
Tenth Circuit.

Jan. 24, 1961.

Sheldon E. Friedman, Denver, Colo., for appellant.

J. Richard Foth, Topeka, Kan. (John Anderson, Jr., Topeka, Kan., on brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from the District Court's denial of Devine's petition for a writ of habeas corpus, filed after having exhausted his state remedies.

He was convicted of burglary and larceny in a Kansas state court, upon a plea of guilty, and is presently in that State's penitentiary.

His first contention is that he was forcibly brought from Missouri for trial in Kansas, without being properly extradited, in violation of due process under the Fourteenth Amendment; and that his conviction was therefore a nullity. But, " * * * the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' * * * There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541. Due process under the Fourteenth Amendment is satisfied when one charged with a state offense is tried in a state court of competent jurisdiction "in accordance with constitutional procedural safeguards," i. e., established modes of procedure. Id. See Odell v. Hudspeth, 10 Cir., 189 F.2d 300; Alexander v. Daugherty, 10 Cir., 1960, 286 F.2d 645.

The petitioner contends, however, that he was not accorded constitutional procedural safeguards under applicable Kansas law, particularly G.S.Kansas 1949, Sec. 62–1304, which provides in material part that "If any person about to be arraigned upon an indictment or information for any offense against the

laws of this state be without counsel to conduct his defense, it shall be the duty of the court to inform him that he is entitled to counsel, and give him an opportunity to employ counsel of his own choosing, if he states that he is able and willing to do so. * * * If he is not able and willing to employ counsel, and does not ask to consult counsel of his own choosing, the court shall appoint counsel to represent him unless he states in writing that he does not want counsel to represent him and the court shall find that the appointment of counsel over his objection will not be to his advantage." The manifest and laudable purpose of this statute is to provide a procedural safeguard for due process by imposing, upon a Kansas sentencing court, the inescapable duty to ensure the substantive right of an accused to the effective assistance of counsel at every step of the proceedings against him, unless he voluntarily and competently waives such right, and the court finds that the assistance of counsel would not be advantageous. Compliance with these "primary rights of an accused" is jurisdictional to the acceptance of a guilty plea. Ramsey v. Hand, 185 Kan. 350, 343 P.2d 225. And, compliance is therefore requisite to due process. Alexander v. Daugherty, supra; Odell v. Hudspeth, supra; Amrine v. Tines, 10 Cir., 131 F.2d 827. Cf. the duty of federal sentencing courts under the Sixth Amendment to the Constitution in Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309; Snell v. United States, 10 Cir., 174 F.2d 580; Cherrie v. United States, 10 Cir., 179 F. 2d 94.

The record shows that upon arraignment the court carefully read and explained the charges and penalties therefor to the petitioner and then said to him: "Now the Court has discussed with you the crimes with which you are charged, and the penalties, in the event of a plea of guilty or a conviction of said crimes, and the court now inquires of you as to whether or not you have an attorney—a lawyer—to represent you, or if you want the court to appoint an attorney for you." Whereupon petitioner replied, "I will waive counsel, your Honor." He then signed a written waiver in which he stated: " * * * I have been advised by the court as to the nature of the offenses with which I stand charged, and the penalties prescribed by law in the event of a conviction thereof or a plea of guilty thereto, and the further fact that by reason of my financial inability to employ counsel that I have the right to be represented in this action by counsel to be appointed by the court, and with full knowledge of these facts I do hereby give the court to understand and be informed that I do not desire to be represented by counsel, and request the court to accept my plea * * *." The court then addressed the accused saying, "Mr. Devine, there has just been presented to me—handed to the court, here, a waiver of appointment of counsel in writing. Do you know the contents of the instrument?" The accused replied, "Yes, sir." The court continued, "And do you think you are familiar with its contents?" The accused answered "Yes, sir" and the court then said "Very well. Let the record show that the court finds that the appointment of counsel for the defendant would not be to his advantage."

■ It may be that the state trial court did not specifically, and in so many words, inform the accused of his statutory right to the assistance of counsel. But the written waiver did emphatically so inform the petitioner and it is manifestly plain that the accused did know and understand his rights to the assistance of counsel and with such knowledge did understandingly enter his plea of guilty to the charges against him. It is plain, therefore, that the accused was accorded a fair hearing in a court of competent jurisdiction in accordance with constitutional procedural safeguards.

The judgment is affirmed.