**Leo TAFARELLA, Appellant,**

v.

**Tracy A. HAND, Warden, Appellee.**

**No. 6660.**

United States Court of Appeals
Tenth Circuit.

July 10, 1961.

Rehearing Denied Aug. 1, 1961.

---

William M. Sims, Jr., Denver, Colo., for appellant.

Charles N. Henson, Topeka, Kan., for appellee.

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

PER CURIAM.

Petitioner is here on appeal from an order of the trial court dismissing his petition for a writ of habeas corpus.

It is his contention that the Kansas state trial court was without jurisdiction to accept his plea of guilty for failure to comply with the requirements of G.S. Kansas, 1949, 62–1304, relative to an accused's right to be informed that he is entitled to assistance of counsel.

Petitioner presented this identical question to the Supreme Court of Kansas in a habeas corpus proceeding. That court specifically held the trial court had substantially complied with the statutory requirements, and therefore had jurisdiction to accept the plea. Tafarella v. Hand, Warden, 185 Kan. 613, 347 P.2d 356.[1]

We are bound by the Kansas court's construction of the statute unless, of course, it results in the denial of petitioner's right to a fair trial in accord with constitutional precepts of due process of law. See Devine v. Hand, Warden, 10 Cir., 287 F.2d 687; Tibbett v. Hand, Warden, 10 Cir., 294 F.2d 68.

The record shows, and petitioner admits, that he signed and read a written waiver, stating that he was informed of his right to counsel, but did not desire to be represented. He thus competently waived counsel and intelligently entered his plea—these are the essential requirements of due process of law, as we understand it. The judgment of the trial court must therefore be affirmed.

1. In addition to cases cited in Tafarella v. Hand, supra, construing 62–1304, see also Devine v. Hand, 10 Cir., 287 F.2d 687; Goetz v. Hand, 10 Cir., 291 F.2d 930, affirming Goetz v. Hand, D.C.Kan., 195 F.Supp. 194.