**David Lord JOHNSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 7631.**

United States Court of Appeals
Tenth Circuit.

June 24, 1964.

---

Michael B. Marion, Denver, Colo., for appellant.

John W. Raley, Jr., Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from an order denying appellant's motion, under 28 U.S.C. § 2255, to vacate and set aside the sentence imposed after conviction by jury verdict upon a two-count indictment charging the appellant with forcible entry of a building belonging to the United States, in violation of 18 U.S.C. § 2115, and stealing therefrom, in violation of 18 U.S.C. § 641. Appellant's primary contentions are to the effect that he was not afforded effective assistance of counsel at every step of the criminal proceedings, and was denied compulsory process and a speedy trial, guaranteed to him by the Sixth Amendment.

It is specifically asserted that appellant was denied effective assistance of counsel in that (1) his plea of not guilty to the indictment was entered at the direction of the Court, without first correctly advising him of the charges contained therein and in the absence of counsel for his defense; and (2) his unlawfully obtained confession was admitted into evidence without objection by his counsel, and made the basis of a hypothetical question propounded by the Government.

The pertinent and undisputed facts are as follows: When appellant was brought before the Court for arraignment, Government's counsel advised the Court that his attorney was not present. The Court informed appellant that he had been charged "with forgery, the entry of a post office and stealing therefrom," and then passed the arraignment proceedings until later the same day, apparently to insure the presence of defense counsel. When appellant again appeared without his attorney, the Court disposed of the arraignment proceedings by entering a plea of not guilty to each of the two counts of the indictment for appellant. The indictment was not read in open court, nor the charge restated. The Court made no further inquiry regarding appellant's representation, nor was he asked whether he wished to have counsel appointed to represent him.

To be sure, arraignment proceedings in federal court may be a critical stage of the criminal proceedings, and an accused is entitled to the guiding hand of counsel at this stage. See: Hamilton v. Alabama, 368 U.S. 52, 54 (Footnote 4), 82 S.Ct. 157, 7 L.Ed.2d 114. And, "[i]t is the solemn duty of a federal judge before whom a defendant appears without counsel to make a thorough inquiry and to take all steps necessary to insure the fullest protection of this constitutional right at every stage of the proceedings." Von Moltke v. Gillies, 332 U.S. 708, 722, 68 S.Ct. 316, 322, 92 L.Ed. 309. See: Snell v. United States (10 CA), 174 F.2d 580; Cherrie v. United States (10 CA), 179 F.2d 94; and Cherrie v. United States (10 CA), 184 F.2d 384. The Court proceeds without defense counsel at the peril of being deprived of jurisdiction to try the accused and impose sentence. Failure to exercise extreme care to protect the rights of the accused at every step of the proceedings before and during trial may, and often does result in a costly and time-consuming post-convic-

tion collateral attack. We ought to be as sure as we can that nothing is done or left undone to give rise to post-conviction complaints, based on the denial of constitutional safeguards to a fair and impartial trial.

■ We think, however, the trial Court adequately protected the right of appellant to the assistance of counsel when it directed the entry of a plea of not guilty. No statement was made against the accused. He made no incriminating statement whatsoever, and was not called upon to waive assistance of counsel or any other constitutional right. He cannot, therefore, complain of the deprivation of any constitutional right at this stage of the proceedings. Cf. Latham v. Crouse (10 CA), 320 F.2d 120, cert. den. 375 U.S. 959, 84 S.Ct. 449, 11 L.Ed.2d 317; and Marshall v. United States (10 CA), 321 F.2d 897.

■■ The appellant was represented by retained counsel at a sanity hearing, pursuant to which he was adjudged competent to stand trial and assist in his defense. He was represented by the same counsel on trial of the case. The failure of counsel to object to the admission of appellant's confession is certainly no evidence of counsel's incompetency or ineffectiveness. The postal inspector who obtained the statement was closely cross-examined concerning the circumstances under which the statement was taken, and there is nothing to indicate that it was not freely and voluntarily given. One who appears before the Court with counsel is not deprived of his constitutional right to assistance of counsel because the defense is unsuccessful, or because in "retrospection he concludes that such representation did not meet his standards of effectiveness." Moss v. Hunter (10 CA), 167 F.2d 683, cert. den. 334 U.S. 860, 68 S.Ct. 1519, 92 L.Ed. 1780, reh. den. 335 U.S. 839, 69 S.Ct. 8, 93 L.Ed. 390.

Appellant also complains of an unconstitutional denial of compulsory process and alleges in this respect that he requested the production of Gustave J. Weiland, M. D., a member of the staff of the Medical Center at Springfield, Missouri, to testify as the reporting psychiatrist. The alleged request was admittedly made informally and by a letter directed to the trial Court, not made a part of the record here. The record does indicate, however, that at the commencement of the sanity hearing and prior to trial, the trial Court acknowledged receipt of a letter written by appellant, and in that connection proceeded to question him concerning his relationship with various members of the Springfield staff. Specifically, the trial Court inquired if appellant remembered Dr. Weiland, to which he replied, "No, Sir."

■ In view of appellant's response to the Court's inquiry and the testimony of Dr. Oppegard, Chief of the Psychiatric Service at Springfield, on this record, we cannot say that the trial Court's failure to require the attendance of Dr. Weiland, if indeed he was specifically requested, was an abuse of discretion. See: Casebeer v. Hudspeth (10 CA), 121 F.2d 914, cert. den. 316 U.S. 683, 62 S.Ct. 1272, 86 L.Ed. 1755.

Appellant seems to argue that since a former indictment charging him with the same offense, resulted in his confinement in mental institutions for more than one year before his trial, he was unconstitutionally denied a "speedy trial." The dismissal of the former indictment is not disputed, and it is agreed that following the dismissal and pursuant to Order of the Oklahoma County Court, the appellant was committed to the Taft State Mental Hospital. Upon his release from the State institution, he was again taken into federal custody upon issuance of an arrest warrant August 15, 1962, and by order of the Court, transferred to the federal Medical Center at Springfield, Missouri, pursuant to 18 U.S.C. § 4244. The indictment upon which his challenged conviction and sentence rest was returned October 19, 1962. Following arraignment and upon application of appellant, a hearing was conducted to determine his mental competency to stand trial on December 3, 1962. This trial was

**374**

commenced only ten days thereafter, i. e., December 13, 1962.

■ Appellant can not complain of the denial of his constitutional right to a speedy trial because of his confinement in a State mental institution after dismissal of the former indictment, or while confined in a Federal mental institution, pursuant to 18 U.S.C. § 4244, for the very purpose of determining his competency to stand trial. Cf. Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808, 810.

Appellant asserts other contentions in his brief, but they are utterly without merit and the order denying relief under 28 U.S.C. § 2255 is affirmed.