### GANNON v. UNITED STATES.
### No. 11918.

United States Court of Appeals,
Sixth Circuit.
Dec. 15, 1953.

Paul L. Westerfield, Cincinnati, Ohio, Thomas H. Gannon, in pro. per. on the brief for appellant.

Marcus L. Friedman, Asst. U. S. Atty., Toledo, Ohio, for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

On January 23, 1952, an Information was filed by the United States against the appellant, Thomas H. Gannon and

his wife, Marie Gannon, charging them with illegal possession of narcotic drugs, in violation of Section 2553(a), Title 26 U.S.Code.

Upon arraignment, appellant, who was an addict and not a peddler, signed a waiver of indictment, and in answer to the Court's inquiry if he desired an attorney he replied: "No, your Honor. I am very sick and I need hospitalization, and that is why I am trying to hurry this thing along." He thereupon pleaded guilty to the charge.

Immediately thereafter, the Assistant District Attorney stated to the Court that he desired to file an Information under the Boggs Act, which would show previous convictions of the appellant under the narcotic laws. Under Section 2557(b), (1), Title 26 U.S.Code, referred to as the Boggs Act, a defendant who has been previously convicted of violations of the narcotic laws of the United States shall in the case of one previous conviction be fined not more than $5,000 or imprisoned for not more than ten years or both, and in the case of two such previous convictions shall be fined not more than $10,000 or imprisoned for not more than twenty years or both. The Act makes it the duty of the U. S. District Attorney following the new conviction to file an Information setting up such previous convictions, with the right in the defendant to a trial by jury as to the truth thereof. If the defendant acknowledges in open court, after being duly cautioned as to his rights, that he is the person previously convicted as charged in the Information, he shall be punished as prescribed by the Act.

The Information which was thereupon filed by the Assistant District Attorney contained four counts, each alleging a prior conviction of the appellant under the narcotic laws. The Assistant District Attorney read the charges to the Court and the appellant. The appellant asked permission to speak and stated: "On these sentences he reads off to me run concurrently. This is all mixed up here. They run concurrently into another sentence. * * * I know nothing about the laws or anything like that. I never sold narcotics, which the records will show. All I had was possession such as picked up by the state and the government. I intended to cooperate and told him I would like a cure." Following a discussion between the Court, the Assistant District Attorney and the appellant, about the previous offenses, the appellant again stated—"Your Honor, I know nothing about this new law. I never heard of it; and so far as the drugs that was found was not in my possession. I wasn't there at the time, and there was no drugs there in my possession and he found none on me because I was in the Safety Building at the time." The District Judge explained to the appellant that the Act made no distinction with respect to the nature of the prior offenses, whether the defendant was a peddler or merely an addict, that under the law he was required to give the prescribed sentence regardless of the fact that the appellant was merely an addict. The record contains an unsigned entry in longhand stating that the defendant admitted that he was the same person as that named in the Information. The District Judge imposed a sentence of five years. After being first sent to the Federal Narcotic Farm, Lexington, Kentucky, the appellant was transferred to the U. S. Penitentiary at Leavenworth, Kansas.

On February 20, 1953, he filed a motion to vacate the judgment under the provisions of Section 2255, Title 28 U.S.Code. The motion states that appellant did not commit the crime for which he was sentenced, that he wished to withdraw his plea of guilty and stand trial, and that his waiver of his right to counsel was not in accordance with the Rules of Criminal Procedure, 18 U.S.C. and in violation of the Eighth Amendment of the Constitution of the United States. We treat this, as the parties have done, as raising an issue under the Sixth Amendment. The Gov-

ernment's answer denied that he was not guilty of the offense charged in the Information, and stated that he was advised of his constitutional right of representation by counsel and that the Court would appoint counsel for him if he so desired, which the petitioner refused in open court. On March 11, 1953, the District Judge overruled the motion to vacate, from which order the appellant took this appeal.

■ We are of the opinion that the record sustains appellant's contention that the waiver of his right to counsel and the entry of his plea of guilty to the first Information was done without knowledge of the Boggs Act and its applicable provisions; that as an addict he expected to be confined at the Narcotic Farm at Lexington, Kentucky, where he had been before; that the existence and provisions of the Boggs Act were not explained to him prior to the entry of his plea; and that he did not have the assistance of counsel guaranteed to him by the Sixth Amendment to the Constitution of the United States. Under such circumstances, appellant did not competently, intelligently, and with full understanding of the implications, waive his constitutional right to counsel. Von Moltke v. Gillies, 332 U.S. 708, 723–724, 68 S.Ct. 316, 92 L.Ed. 309; Johnson v. Zerbst, 304 U.S. 458, 464–465, 58 S.Ct. 1019, 82 L.Ed. 1461; Snell v. United States, 10 Cir., 174 F.2d 580; See Walker v. Johnston, 312 U.S. 275, 286, 61 S.Ct. 574, 85 L.Ed. 830; Butzman v. United States, 6 Cir., 205 F.2d 343, 351.

The order of the District Court overruling the motion to vacate is set aside, and the action is remanded to the District Court for the purpose of vacating the judgment of conviction, for the entry of an order permitting the appellant to withdraw his plea of guilty, Rule 32 (d), Rules of Criminal Procedure, and for further proceedings under the Information in accordance with the views expressed herein.