**Joseph PETTWAY, Jr., Appellant,**

v.

**The UNITED STATES of America, Appellee.**

**No. 12076.**

United States Court of Appeals Sixth Circuit.

Oct. 21, 1954.

Charles J. Schear, Newport, Ky. (Joseph Pettway, Jr., pro se, Donald J. Ber-

lage, Cincinnati, Ohio, on the brief), for appellant.

Rhodes Bratcher, Asst. U. S. Atty., Louisville, Ky. (J. Leonard Walker, Rhodes Bratcher, Louisville, Ky., on the brief), for appellee.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

The appellant, Joseph Pettway, Jr., was indicted in the District Court under a 2-count indictment, which charged in the first count the illegal possession of three marihuana cigarettes on May 29, 1952 without having paid the transfer tax required by the Marihuana Tax Act of 1937,[1] and in the second count the unlawful sale of three marihuana cigarettes on May 29, 1952 to William Dowdle in violation of the same law. He was represented by counsel and pleaded not guilty. Following a trial, the jury returned a verdict of guilty under both counts.

The District Attorney, proceeding under the provisions of Sec. 2557, Title 26 U.S.Code, referred to as the Boggs Act, upon appearance of the defendant in Court for sentence, filed an information charging previous convictions of the appellant on March 12, 1948 and on October 7, 1949 for violations of Sec. 2593(a), Title 26 U.S.Code, thereby classifying him as a person subject to the heavier sentence provided for multiple convictions imposed under the Boggs Act. Copy of the information was given to the defendant and he and his counsel were excused from the court room for a conference. Shortly thereafter both the defendant and his counsel in open court acknowledged the defendant's identity as the person previously convicted. He was sentenced on October 17, 1952 to terms of ten years on each count to run concurrently.

On June 25, 1953, he filed his present motion under the provisions of Sec. 2255, Title 28 U.S.Code to vacate the sentences. The motion was overruled by the

1. Now 26 U.S.C. § 2590 et seq.

District Judge on August 19, 1953. A written memorandum in support of the ruling was filed at the same time. This appeal followed.

■ Appellant's contention that the statute hereinabove referred to as the Boggs Act is ex post facto litigation and unconstitutional is without merit. The statute was in effect prior to May 29, 1952, the date of the offenses charged in the indictment. The information, setting out the two prior convictions, did not charge appellant with any crime. It merely alleged facts, which, if established, went solely to the question of punishment. Beland v. United States, 5 Cir., 128 F.2d 795; McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542; Moore v. Missouri, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301; Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917.

■ Appellant contends that the Marihuana Tax Act of 1937, violation of which was specifically charged in the indictment, was not in effect on May 29, 1952, having been superseded by the Marihuana Tax Act of 1939, and that the indictment in charging violation of a law no longer in existence was invalid. It is conceded that the acts alleged in the indictment were violations of the Marihuana Tax Act of 1939. It is well settled that if the indictment charges acts illegal under an existing federal statute it is not invalidated for failure to refer to the statute or for specifying the wrong statute. Williams v. United States, 168 U.S. 382, 389, 18 S.Ct. 92, 42 L.Ed. 509; United States v. Hutcheson, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788; Biskind v. United States, 6 Cir., 281 F. 47, certiorari denied 260 U.S. 731, 43 S.Ct. 93, 67 L.Ed. 486; United States v. Kolodny, 2 Cir., 149 F.2d 210.

■ Appellant further complains of the action of the District Judge in denying his motion to vacate the sentences without holding a hearing and making findings of fact and conclusions of law. Sec. 2255, Title 28 U.S.Code does not require such a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief". A hearing is not automatically held in every Section 2255 proceeding. One is required where there are substantial issues of fact involved. United States v. Hayman, 342 U.S. 205, 222–223, 72 S.Ct. 263, 96 L.Ed. 232. But a hearing is not required where the question involved is a pure question of law which can be properly disposed of by a consideration of the motion, undisputed facts, and the files and records of the case, as was the situation in the present case. Newman v. United States, 6 Cir., 212 F.2d 450; Brown v. United States, 6 Cir., 212 F.2d 589; United States v. Fleenor, 7 Cir., 177 F.2d 482; Klein v. United States, 7 Cir., 204 F.2d 513; Garcia v. United States, 9 Cir., 197 F.2d 687. The present case is materially different from Gannon v. United States, 6 Cir., 208 F.2d 772, upon which appellant relies, in that the defendant in that case was not represented by counsel, waiver of which was therein held to be invalid.

The judgment is affirmed.