UNITED STATES of America, Plaintiff,

v.

James Norman COCKLIN, Defendant.

No. 8767.

United States District Court
E. D. Kentucky,
Lexington Division.

Oct. 20, 1959.

the court appointed counsel to represent him. After his consultation with counsel he entered a plea of guilty and was sentenced under the Youth Corrections Act to the custody of the Attorney General of the United States.

His petition for writ of habeas corpus ad testificandum should be dismissed. It sets forth no reasons which would justify the court in ordering the prisoner to be brought before the court. The existence of power to produce the prisoner does not mean that he should be produced in every Section 2255 proceeding. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.

A hearing upon a motion to vacate sentence is required only where there are substantial issues of fact involved. The court may entertain and determine motions attacking sentences without requiring the production of the prisoner at the hearing. 28 U.S.C. § 2255. Where the question presented by the motion to vacate sentence is a pure question of law which can properly be disposed of by a consideration of the motion, undisputed facts and the files and records of the case, a hearing and findings of fact and conclusions of law are unnecessary. Pettway v. United States, 6 Cir., 216 F.2d 106.

The record in this case discloses that the defendant was represented by capable counsel, fully advised of his rights, and that his presence before the court could not possibly add any fact which is not reflected by the record. His attack upon the attorney as being incompetent does not recite any fact to establish the charge.

All of the defendant's rights were carefully guarded and protected and the sentence given was a lawful sentence. The record clearly shows that the sentence imposed on the defendant was not in violation of the Constitution or laws of the United States; that the court had jurisdiction to impose the sentence; that the sentence was not in excess of the maximum authorized by law or otherwise subject to attack; and the plea for va-

Henry J. Cook, U. S. Atty., N. Mitchell Meade, Asst. U. S. Atty., Lexington, Ky., for plaintiff.

Defendant filed own motion.

SWINFORD, District Judge.

The prisoner was prosecuted by criminal information for a violation of the Dyer Act, 18 U.S.C. § 2312. He appeared before the court in April of 1957 and

cation or correction of the sentence should be denied. United States v. Kelley, D.C., 134 F.Supp. 582.

The Federal Youth Corrections Act making general distinction between treatment of prisoners over and those under 26 years is not unconstitutional as denying the equal protection of the law and even though the maximum of six years may be imposed by administrative authority, it is not an unlawful sentence. 18 U.S.C. §§ 5005–5020. The differences in character, condition or situation of offenders justify the sentences prescribed by the Youth Corrections Act even though in a given case the confinement may exceed the maximum for a similar crime of one beyond the maximum age limit set forth in the Act. Equal protection under the law as guaranteed by Amendment 14 of the United States Constitution is afforded if the law in question operates in the same general way on all who belong in the same class. Cunningham v. United States, 5 Cir., 256 F.2d 467.

The motion to set aside and vacate sentence should be overruled. An order in conformity with this memorandum is this day entered.