George Bernard **VELLKY**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 14074.

United States Court of Appeals
Sixth Circuit.

June 28, 1960.

Reversed and remanded for further proceedings.

Walter Bortz, Cincinnati, Ohio, for appellant.

William J. O'Neill, Asst. U. S. Atty., Cleveland, Ohio (Russell E. Ake, U. S. Atty., Cleveland, Ohio, on the brief), for appellee.

Before McALLISTER, Chief Judge, and MILLER and CECIL, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant, after having waived in writing prosecution by indictment, was arraigned on an Information charging him with having transported on or about February 17, 1959, from McKees Rocks, Pennsylvania, to Struthers, Ohio, a stolen Buick automobile, knowing said motor vehicle to have been stolen, in violation of Section 2312, Title 18 U.S.C.

Following his arrest, the appellant on February 18, 1959, gave a signed statement to a Special Agent of the F. B. I. stating that it was voluntarily made, that he knew it could be used against him in a federal court of law, and that "I know I am entitled to consult with an attorney before making this statement, but I do not desire to consult an attorney at this time." This statement also said that on February 12, 1959, he purchased a 1959 *Buick* in *McKees Rocks*, Pennsylvania, by giving in payment a check in the amount of $3,506 drawn on a bank in Pittsburgh signed with the name George Bernard and knowing at the time that he had no account at the said bank;

that he obtained the car for an immediate source of transportation to leave the State of Pennsylvania; and that he drove the car to Youngstown, Ohio, and remained in that vicinity until he was arrested by the Struthers, Ohio, Police Department on February 17, 1959, while driving the said Buick.

Upon arraignment on February 27, 1959, the District Judge, after stating the charge to appellant, said, "I see you do not have a lawyer. Do you wish one assigned to represent you?" The appellant answered, "No, I do not," and entered a plea of guilty. Upon questioning by the District Judge the appellant stated that he was forty years of age, was married and had one child, had served a term in the penitentiary from 1941 to 1945 for "a bad check" and also another term of three years in Atlanta, from which he had been released about a year, for the same offense involving a United States Government money order.

The case was continued for a presentence report. This disclosed a lengthy criminal record, consisting mostly of forgery, extending back to April 30, 1941, and including the service of a number of sentences in different penitentiaries.

On March 29, 1959, appellant was brought before the Court for sentencing. At that time the appellant was questioned by the Court and made answers as follows:

"The Court: George, is there anything you wish to say at this time?

"Defendant: Nothing, your Honor.

"The Court: It's sad business; you have been in so much trouble through your life, sir.

"The Defendant: Yes, sir; I know, your Honor.

"The Court: You will be sentenced to four years, sir."

■ On July 6, 1959, appellant filed his present motion to vacate the judgment under Section 2255, Title 28 U.S.C., alleging that at no time did he understand the nature of the charge against him and that he never knowingly or intentionally waived his right to counsel, and that if he had been informed of the fact that the Government would have absorbed the cost of counsel he would have requested the advice and assistance of counsel. The District Judge was of the opinion that the file and record conclusively showed that the appellant was entitled to no relief and denied the motion, from which order this appeal was taken.

■ It is well settled that the constitutional right of a defendant in a criminal case to have the assistance of counsel may be waived, but that the courts indulge every reasonable presumption against waiver of fundamental constitutional rights. "The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461.

In Von Moltke v. Gillies, 332 U.S. 708, 723–724, 68 S.Ct. 316, 323, 92 L.Ed. 309, the Court pointed out that in view of the strong presumption against the waiver of the constitutional right to counsel, the trial judge in determining whether there is an intelligent and competent waiver by the accused "must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. * * *. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." See also: Uveges v. Pennsylvania, 335 U.S. 437, 441–442, 69 S.Ct. 184, 93 L.Ed. 127; Moore v. Michigan, 355 U.S. 155, 161–162, 78 S.Ct. 191, 2 L.Ed.2d 167; Com. of Pa. ex rel.

Herman v. Claudy, 350 U.S. 116, 120–122, 76 S.Ct. 223, 100 L.Ed. 126.

The Supreme Court has recently reviewed a case involving a factual situation similar to the one in this case, in which the Court of Appeals rejected appellant's contention that he was denied due process of law in that he was not represented by counsel and did not understandingly plead guilty. United States v. McGee, 7 Cir., 242 F.2d 520, 524. The Supreme Court vacated the judgment and remanded the case to the District Court for a further hearing upon all issues raised by the petitioner. McGee v. United States, 355 U.S. 17, 78 S.Ct. 64, 2 L.Ed.2d 23.

This Court has also considered cases involving similar circumstances and has ruled that a defendant, even though he waives assistance of counsel, is entitled to more explanation and discussion of the charge against him and the facts affecting a decision to enter a plea of guilty, than was given in the present case. Howard v. United States, 6 Cir., 186 F.2d 778; Gannon v. United States, 6 Cir., 208 F.2d 772, 774. See also: Cherrie v. United States, 10 Cir., 179 F.2d 94; United States v. Wantland, 7 Cir., 199 F.2d 237; United States v. Davis, 7 Cir., 212 F.2d 264, 267–268; Arnold v. United States, 4 Cir., 271 F.2d 440; United States v. Lester, 2 Cir., 247 F.2d 496, 499–500; Taylor v. United States, 10 Cir., 193 F.2d 411.

It may well be that upon a hearing on appellant's contention he will not meet the burden of proof required of him (Johnson v. Zerbst, supra, 304 U.S. 458, 468–469, 58 S.Ct. 1019, 82 L.Ed. 1461), but, in view of the authorities above referred to, we are of the opinion that the District Judge was in error in not affording the appellant a hearing in which all the facts and circumstances relative to his contention could be presented to the District Judge for his consideration.

The judgment is reversed and the case remanded to the District Court for further proceedings consistent with the views expressed herein.